# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 5, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LISA L. BUCHANAN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0612**  (BOR Appeal No. 2050049)
(Claim No. 2013024104)

**LOGAN COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa L. Buchanan, by Anne Wandling, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Logan County Board of Education, by Lindsay Smith, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2015, in which the Board affirmed a December 1, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 15, 2013, decision holding the claim compensable for a lumbosacral sprain/strain, bilateral sacroiliac dysfunction, and lumbago. Additionally, the Office of Judges affirmed the claims administrator's November 25, 2013, decision denying a request to add a herniated nucleus pulposus at L4-5 as a compensable component of the claim and denying a request for authorization of a second opinion evaluation with Neurologic Associates. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Buchanan injured her lower back on March 7, 2013, while hanging decorations in the course of her employment as a teacher with the Logan County Board of Education. She filed an application for workers' compensation benefits and on March 15, 2013, her claim was held compensable for a lumbosacral sprain/strain, bilateral sacroiliac dysfunction, and lumbago.

Although a copy of the report was not submitted into the evidentiary record, a lumbar spine MRI was performed on April 10, 2013, and was apparently interpreted by a radiologist as showing degenerative changes at L4-5 and L5-S1 with a shallow central disc herniation at L4-5.

On May 28, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. He took note of the lumbar spine MRI report and opined that an L4-5 disc herniation could be causally related to the compensable injury. Dr. Mukkamala recommended that Ms. Buchanan be referred for a neurosurgical consultation. On August 9, 2013, Matthew Werthammer, M.D., performed a neurosurgical consultation. Dr. Werthammer also took note of the findings enumerated within the lumbar spine MRI report. However, he reviewed the images obtained via the MRI himself and, after examining Ms. Buchanan, opined that the MRI in fact reveals only mild disc bulging at L4-5 and L5-S1. He diagnosed Ms. Buchanan with a lumbar sprain/strain arising from the March 7, 2013, injury and recommended that she undergo conservative management.

On November 25, 2013, the claims administrator denied a request to add a herniated nucleus pulposus at L4-5 as a compensable diagnosis, and also denied a request to refer Ms. Buchanan for a second neurosurgical evaluation. On July 29, 2014, Marsha Lee Bailey, M.D., performed an independent medical evaluation. After taking note of the conclusions expressed in the April 10, 2013, radiology report and in Dr. Werthammer's examination notes, Dr. Bailey indicated that she agrees with Dr. Werthammer's opinion that Ms. Buchanan did not sustain an L4-5 disc herniation. Dr. Bailey further opined that the results of the April 10, 2013, lumbar spine MRI should be interpreted as normal age-related changes.

The Office of Judges affirmed the March 15, 2013, and November 25, 2013, claims administrator's decisions. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 20, 2015. On appeal, Ms. Buchanan asserts that the evidence of record clearly demonstrates that she sustained a herniated disc at L4-5 in the course of and resulting from her employment and that she is therefore entitled to the requested referral for a neurosurgical evaluation.

In affirming the denial of Ms. Buchanan's request to add a herniated nucleus pulposus at L4-5 as a compensable diagnosis, the Office of Judges relied on the findings of Dr. Werthammer. In particular, the Office of Judges found that Dr. Werthammer's conclusions are entitled to greater evidentiary weight given his expertise as a neurosurgeon. In affirming the denial of Ms. Buchanan's request for a neurosurgical evaluation, the Office of Judges found that Ms. Buchanan has already been evaluated by a neurosurgeon, namely Dr. Werthammer, who diagnosed her with a lumbar sprain and opined that surgical intervention is unnecessary. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   May 5, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II